Stephen J. Galati
MATTIONI, LTD.
1316 Kings Highway
Swedesboro, NJ 08085
(856) 241-9779
(856) 241-9989 Fax
SGalati@mattioni.com

*Attorneys for Defendant*
*Delta Faucet Company and*
*Peerless Faucet Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELI ZHADANOV and INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DELTA FAUCET COMPANY and PEERLESS FAUCET COMPANY, <br><br> Defendants. | Civil Action No: 2:16-cv-01143-JMV-MF <br><br> **DEFENDANTS DELTA FAUCET COMPANY ND PEERLESS FAUCET CORPORATION'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND** |

NOW COMES Defendant, Delta Faucet Company ("Delta") and Peerless Faucet Corporation ("Peerless") (collectively "Defendants") and for their Answer to Plaintiffs, Eli Zhadanov and Interlink Products International, Inc.'s (collectively "Plaintiffs") Complaint, states as follows:

**THE PARTIES**

1.      Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1.

2.      Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2.

3.      Defendants admit the allegation set forth in paragraph 3.

4.      Defendants admit the allegation set forth in paragraph 4.

5.      Defendants deny the allegation set forth in paragraph 5.  Defendant Peerless states in further answer that there is no "Peerless Faucet Company."  Defendant Peerless Faucet Corporation is a "name holding entity" and a wholly owned subsidiary of Masco Corporation of Indiana. Defendant Peerless Faucet Corporation is located at 55 E. 111 Street, Indianapolis, IN 46280.

## JURISDICTION AND VENUE

6.      Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      Defendants admit that they transact business in this district, but deny the remaining allegations set forth in paragraph 7.

8.      Defendants admit that venue is proper in this District.

## CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 8,292,253

9.      Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9.

10.      Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10.

11.      Defendants admit that the issue date shown on the face of U.S. Patent No. 8,292,253 ("the '253 patent") is October 23, 2012, and that the patent speaks for itself.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief.

12.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12.

13.     Defendants admit they sell showerheads and shower and bath accessories. Defendants deny the remaining allegations set forth in paragraph 13.

14.     Defendants deny the allegations set forth in paragraph 14.

15.     Defendants deny the allegations set forth in paragraph 15.

16.     Defendants deny the allegations set forth in paragraph 16.

17.     Defendants deny the allegations set forth in paragraph 17.

18.     Defendants deny the allegations set forth in paragraph 18.

19.     Defendants deny the allegations set forth in paragraph 19.

20.     Defendants admit the allegations set forth in paragraph 20 as to notice based on filing the Complaint, but deny the remaining allegations set forth in paragraph 20.

21.     Defendants deny the allegations set forth in paragraph 21.

22.     Defendants deny the allegations set forth in paragraph 22.

23.     Defendants deny the allegations set forth in paragraph 23.

24.     Defendants deny the allegations set forth in paragraph 24.

25.     Defendants deny the allegations set forth in paragraph 25.

26.     Defendants deny the allegations set forth in paragraph 26.

## PRAYER FOR RELIEF

Defendants state that the Complaint sets forth Plaintiffs' Prayer for Relief to which no answer is required.  To the extent a response is required, Defendants deny the allegations set forth in Plaintiffs' Prayer for Relief and deny that Plaintiffs are entitled to any relief whatsoever as to Defendants.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Defendants necessarily bear the burden of persuasion for any of the following, Defendants incorporate by reference each of its responses to paragraphs 1 through 26 as if fully set forth herein and asserts the following defenses to Plaintiffs' Complaint:

1.     Defendants' manufacturing, sale and offering for sale of any product, system and/or method does not and has not infringed, directly or indirectly, contributorily or by inducement, any valid claim of the '253 Patent, either literally or under the doctrine of equivalents.

2.     The claims of the '253 Patent are invalid for failure to meet the statutory and/or decisional requirements for patentability, including, but not limited to, 35 U.S.C. § 102, 103 and/or 112.

3.     Plaintiffs are estopped from asserting that Defendants infringe any valid claim of the '253 Patent for reasons including, but not limited to, prosecution history estoppel and positions taken and arguments made to the United States Patent and Trademark Office ("PTO").

4.     Any purported claim for equitable relief set forth in Plaintiffs' Complaint is barred by unclean hands, waiver, and/or equitable estoppel.

5.     New matter was introduced into the disclosure and claims for the application leading to the '253 Patent.

6.     Plaintiffs' claims for damages are limited under 35 U.S.C. §§ 286.

7.    The Complaint fails to state a claim upon which relief can be granted.  By way of example only, Plaintiffs' purported claims for indirect infringement and willful infringement fail to state a claim for which relief can be granted.

8.    Plaintiffs' claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

9.    Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with its action.

10.    Plaintiffs lack standing to enforce the '253 Patent and/or to recover damages for their infringement.

12.    Plaintiffs' claim for relief is limited by patent exhaustion, express and implied license, and/or release of claims.

13.    Defendants reserve the right to add to, amend or withdraw its affirmative defenses as further investigation or discovery so dictates.

### COUNTERCLAIMS OF DEFENDANTS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '253 PATENT

Defendants/Counterclaim Plaintiffs Delta Faucet Company and Peerless Faucet Corporation (collectively "Defendants") hereby counterclaim against Plaintiffs/Counterclaim Defendants Eli Zhadanov and Interlink Products International, Inc. (collectively "Plaintiffs") as follows:

### The Parties

1.    Delta is a corporation organized under the laws of the State of Indiana having a place of business at 55 E. 111th Street, Indianapolis, Indiana 46280.

2.    Peerless Faucet Corporation is a corporation organized under the laws of the State of Indiana having a place of business at 55 E. 111th Street, Indianapolis, Indiana 46280.

3.      Upon information and belief, Eli Zhadanov is an individual residing at 2944 W. 5th Street, Brooklyn, New York 11224.

4.      Upon information and belief, Interlink is a corporation organized and existing under the laws of New Jersey, having its principal place of business at 1315 East Elizabeth Avenue, Linden, New Jersey 07036.

## Nature of the Action

5.      The United States Patent and Trademark Office issued U.S. Patent No. 8,292,253 ("the '253 Patent") entitled "Device For Supporting Bathroom Accessories And The Like" on October 23, 2012.

6.      This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Defendants seek a declaratory judgment that the claims of the '253 Patent are not infringed by Defendants.  An actual controversy over the infringement of the '253 Patent exists between Defendants and Plaintiffs, as evidenced by the allegations of Plaintiff's Complaint and Defendants' answer thereto.

## Jurisdiction and Venue

7.      Defendants' counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Plaintiffs because Plaintiffs have purposely availed themselves of the benefits and protections of this jurisdiction by filing the Complaint in this judicial district.

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b).   These counterclaims are made subject to Plaintiffs' original action, which has proper venue in this judicial district.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '253 Patent)

10.    Defendants reallege and incorporate paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11.    An actual and justiciable controversy exists between Defendants and Plaintiffs as to whether the claims of the '253 Patent are infringed by Defendants.

12.    Defendants have not infringed, nor are they infringing, any claim of the '253 Patent, either by direct or contributory infringement.   Defendants have not induced and do not induce the infringement of any claim of the '253 Patent.

13.    Accordingly, Defendants seek a judgment declaring that they have not infringed the claims of the '253 Patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '253 Patent)

14.    Defendants reallege and incorporate paragraphs 1 through 13 of these counterclaims as if fully set forth herein.

15.    Plaintiffs assert in this action that Defendants are infringing the '253 Patent.

16.    On information and belief, the '253 Patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

A.    One or more claims of the '253 Patent is anticipated under 35 U.S.C. § 102(a), specifically the "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent;

B.      One or more claims of the '253 Patent is anticipated under 35 U.S.C. § 102(b), specifically the "invention" was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

C.      One or more claims of the '253 Patent is obvious under 35 U.S.C. § 103, specifically the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains;

D.      One or more claims of the '253 Patent under 35 U.S.C. § 112 is invalid for failing to enable a person skilled in the art to make and use the claimed "invention"; and

E.      One or more claims of the '253 Patent under 35 U.S.C. § 112 are invalid for failure to satisfy the written description requirement.

17.     Accordingly, Defendants seek a judgment declaring that the '253 Patent is invalid.

## PRAYER FOR RELIEF

Defendants respectfully request that this Court grant the following relief:

A.      Dismiss the Complaint against Defendants with prejudice;

B.      Declare that Plaintiffs recover nothing from Defendants;

C.      Declare Defendants have not infringed, either directly or indirectly, and are not infringing, either directly or indirectly, any valid and enforceable claim in the '253 Patent;

D.      Declare that the '253 Patent is invalid and unenforceable;

E.      Enjoin Plaintiffs, their officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '253 Patent against Defendants or anyone in privity with Defendants;

F.      Declare that this is an exceptional case under 35 U.S.C. § 285 due to Plaintiffs' conduct;

G.      Award Defendants their costs, disbursements and reasonable attorney fees (including expert fees) incurred in this action; and

H.      Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable in this action.

MATTIONI, LTD.

Date:  July 8, 2016

Stephen J. Galati
MATTIONI, LTD.
1316 Kings Highway
Swedesboro, NJ 08085
(856) 241-9779
(856) 241-9989 Fax
SGalati@mattioni.com

Of Counsel:

George D. Moustakas
gdmoustakas@hdp.com
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
FAX:  (248) 641-0270

*Attorneys for Defendant, Defendants Faucet Delta Company and Peerless Faucet Corporation*

## CERTIFICATE OF SERVICE

It is hereby certified that on this 8th day of July, 2016, a copy of the foregoing document was filed electronically with the Clerk of Court to be served via the Court's Electronic Filing System upon the following:

Jason B. Lattimore
55 Madison Avenue
Suite 400
Morristown, NJ 07960

*Attorney for Plaintiff, Eli Zhadanov and Interlink International Products, Inc.*

Stephen J. Galati